SAMUEL F. ALEXANDER, and others, plaintiffs in error, *vs.* ISAAC M. YOUNG, defendant in error.

[1.] A debtor, in failing circumstances, and his surety on a debt for $1,000, made an agreement by which, the surety undertook to assume the debt, in consderation, that the debtor would give to the surety, his, the debtor's, notes, of a size to be within the jurisdiction of a Magistrate's Court, for the amount of the debt. The agreement was carried out and the notes given; the effect of which, was, that the surety would be enabled to get judgments on the notes, sooner than certain of the debtor's other creditors could get judgments on their debts.

*Held,* That the agreement was, nevertheless, valid.

[2.] A debtor in failing circumstances, may substitute his small notes drawn "due," for a large note, not due, and thus put the creditor holding that debt, in a condition to get a judgment on his debt, before the other creditors can obtain judgments on theirs.

In Equity, from Gwinnett Superior Court.   Decision on motion to dissolve injunction, by Judge HAMMOND, at September adjourned Term, 1857.

Bill and cross bill.

The facts of this case are sufficiently stated in the opinion of the Court.

SIMMONS & JULIAN; and HUNTER, for plaintiffs in error.

HUTCHINS & YOUNG; and HULL, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court below right, in refusing the motion to dissolve the injunction, so far as the movants, Alexander, Boon, Tuggle, and Garmany, were concerned?   This is the first question.

It is to be gathered from the original bill, and from Alexander's answer to it, that the facts of the case so far as he was concerned, were about these:

In February, 1854, Erastus Guild borrowed $1,000 from one Brown, and gave Brown his note for the money, with

Alexander as surety, the note being payable twelve months after date.

In July, 1855, it had become apparent, that Guild was insolvent; and it was then agreed by him and Alexander, that Alexander should assume the payment of the note given to Brown, and that in consideration therefor, Guild should give to Alexander, " notes, under a Magistrate's jurisdiction," to the amount of what was due on the note held by Brown. These were so given. Brown was not present.

These notes were immediately put in suit, in a Justice's Court by Alexander. And the suits on them, were the suits to which the injunction applied, so far as the injunction applied to suits against Alexander.

At the time of this agreement between Alexander and Guild, there existed other creditors of Guild, having debts against him, too large to be within the jurisdiction of a Justice's Court. And Guild's property was not sufficient to satisfy all of his creditors.

These being the facts, as to Alexander, were the small notes taken by him, void, as to the other creditors of Guild?

We have already held, in two cases, that a debtor in failing circumstances, may split up a debt too large to be within the jurisdiction of a Justice's Court, into debts of a size to be within that jurisdiction, with a view to give the holder of that debt, an advantage over the other creditors.

We have heard nothing, to dissatisfy us with these decisions. The Act of 1818 does not go further than to forbid assignments by a failing debtor, " by which any creditor of the said debtor, shall or may be excluded, from an equal share or portion of the estate so assigned." The common law did not forbid a debtor to prefer some of his creditors to others.

In this case, however, Alexander was but the surety of Guild, and he had not paid up the debt. He was, therefore, only *conditionally* the creditor of Guild.

[1.] Does this make a difference? We think not, further than this: When Alexander had obtained his judgment

against Guild, he will not be entitled to enforce them, unti he has paid off the debt to Brown, according to the agreement between him, Alexander, and Guild. Alexander being the surety of Guild, had the right to secure himself, if he could do so, without violating any law. And we know of none, that he had violated, in making with Guild, the arrangement under consideration.

Consequently, we think that the motion to dissolve the injunction should have been sustained, as far as Alexander was concerned.

It is to be collected from the bill, and from the answers to it, made by Boon, Tuggle, and Garmany, that the facts of the case so far as they, respectively, are concerned, were about as follows:

At the time at which Guild gave the "small notes" aforesaid, to Alexander, he was owing Boon a debt of over $500; and owing Tuggle a debt of over $800, (Garmany being a surety to both debts,) and Guild made "small notes" to the amount of these two debts, to be delivered in proper proportion, to Boon and Tuggle, respectively, after being signed as surety by Garmany; which notes were accordingly so delivered to them.

The two large debts were, it is true, not due, and yet the small notes were drawn " due," but then the interest was discounted for the time the debts had to run. There were other creditors of Guild, whose debts were of a magnitude to put them beyond the jurisdiction of a Justice's Court.

The effect of the arrangement with Boon and Tuggle, was to put them in a condition to get judgments on their debts, before the other creditors could be in a condition to get judgments on their debts.

Was this arrangement void, as against those other creditors?

The only respect in which these two cases differ, from the cases above referred to as having been decided by this Court, is, that in these, the notes for which the small notes were

substituted, were not due; in those, the notes for which the small notes were substituted, were due.

[2.] But this, we think, is a difference in an immaterial respect. As between the *parties*, respectively, to the agreements, there was nothing unlawful in thus changing the time of payment of the debts. And the debts being actual *bona fide* debts, the only objection which the *other creditors* could have to the arrangement, was, that the arrangement gave these two creditors, Boon and Tuggle, a preference to them. And this is an objection which we have held, as aforesaid, not to be good.

We think, then, that this arrangement with Boon, and Tuggle, and Garmany, (the last being but the mere surety of Guild,) was not void, and therefore, that the injunction should have been dissolved also, as to them.

Hence, we reverse the judgment of the Court below, made on the motion to dissolve the injunction granted in the original bill. We reverse it so far as it holds up the injunction against these defendants, Alexander, Boon, Tuggle, and Garmany.

Another point was presented by the counsel for the plaintiffs in error; viz: that the Court below erred in ordering the bill and cross bill to be tried together, although the answers of some of the defendants were not in.

We hardly think this was the order. It is not certain from the transcript, whether it was or not.

We merely say, therefore, that a case in equity is not in order to be tried whilst the bill remains unanswered as to any material defendant, unless the bill has been taken for confessed against him, or some special reason exists, for the case to be so tried.

Judgment reversed.